# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JUAN J. MONTELONGO,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF HOMELAND<br>　　SECURITY,<br>　　　　　Agency. | DOCKET NUMBER<br>DA-0752-13-0403-I-2<br><br><br>DATE: October 9, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lorenzo W. Tijerina</u>, Esquire, San Antonio, Texas, for the appellant.

<u>Pamela B. Peck</u>, Esquire, San Antonio, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which upheld his removal for filing a false tax return. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant held the law enforcement position of Supervisory Immigration Enforcement Agent. MSPB Docket No. DA-0752-13-0403-I-1 (I-1), Initial Appeal File (IAF), Tab 8 at 21, 179-187. In 2007, he used a company known as "BizTax" to prepare his taxes. *See* I-1, IAF, Tab 15 at 10-17. The appellant's tax filings for that year included a $10,000 charitable gift as an itemized deduction. *Id*. at 12.

¶3    In 2012, the agency's Office of Professional Responsibility (OPR) investigated the appellant's tax filings after receiving a tip from another employee alleging that the appellant had purchased a fraudulent charitable contribution receipt from BizTax for donations he did not make. I-1, IAF, Tab 8 at 114-16 (OPR investigative narrative), 120-26 (affidavit of J.V., explaining how he purchased a fraudulent charitable tax receipt from BizTax and alleging that the appellant did the same). As part of the OPR investigation, following an interview, the appellant signed an affidavit memorializing OPR's questions and his responses. *See* I-1, IAF, Tab 8 at 136-40, Tab 15 at 23-95. In the interview and his affidavit, the appellant admitted that he paid BizTax $250 to include a

fraudulent $10,000 deduction on his federal tax returns. I-1, IAF, Tab 8 at 138, Tab 15 at 78-88.

¶4        In February 2013, the agency proposed the appellant's removal for filing a false tax return. I-1, IAF, Tab 8 at 109-11. The appellant responded orally, *id*. at 64-93, and in writing, *id*. at 34-63. Subsequently, the agency issued a decision letter, upholding the proposed removal. *Id*. at 22-27.

¶5        The appellant appealed his removal to the Board in May 2013. I-1, IAF, Tab 1. Due to scheduling conflicts and the need to complete discovery, the parties agreed to dismissal of the appeal without prejudice in September 2013. *See* I-1, IAF, Tab 21 at 2. The appellant refiled in October 2013. MSPB Docket No. DA-0752-13-0403-I-2 (I-2), IAF, Tab 1. Subsequently, the administrative judge held a hearing, I-2, IAF, Tab 9, and issued a decision affirming the appellant's removal, I-2, IAF, Tab 11, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

The agency met its burden of proving its charge that the appellant filed a false tax return.

¶6        The appellant's petition for review appears to argue that the administrative judge erred in finding that the agency proved its charge. PFR File, Tab 1 at 4-6, 24-29. We disagree.

¶7        Generally, in an adverse action appeal, the agency must prove its charge by a preponderance of the evidence. 5 U.S.C. § 7701(c)(1)(B). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2). Here, the administrative judge concluded that the agency met its burden, finding that preponderant evidence established that the appellant filed a false tax return

with the intent to defraud the government through his reckless disregard for the truth.[2] ID at 14.

¶8 Despite his apparent admissions during the agency's investigation, I-1, IAF, Tab 8 at 138, Tab 15 at 78-88, the appellant responded to the proposed removal by alleging that he did not intend to submit a false tax return, I-1, IAF, Tab 8 at 68-69. According to the appellant, the agency's interview with him and the subsequent signed affidavit were coerced and inaccurate. *Id*. at 39-44, 71-72. The administrative judge considered these assertions but did not find them persuasive. ID at 11-14. The appellant raises similar allegations in his petition for review. PFR File, Tab 1 at 24-25. Among other things, the appellant argues that he felt threatened during his interview with agency officials, the interview was hostile, and he was not allowed to correct the memorializing affidavit. *Id*.

¶9 Although the appellant has again suggested that he did not intend to file false tax returns, arguing that the verbal statements that resulted from the agency's interview with him and the signed affidavit were coerced, he has failed to demonstrate any error in the administrative judge's conclusions to the contrary. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980) (mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board). The appellant asserts that his testimony should be credited over the testimony of the agency's investigators.[3] PFR File, Tab 1 at 6-25. Citing to the appropriate

---

[2] The administrative judge found the charge of "filing a false tax return" akin to falsification, and required that the agency prove that the appellant supplied false information with the intent to defraud, deceive, or mislead. ID at 4; I-1, IAF, Tab 8 at 109.

[3] In support of his argument, the appellant presented evidence of a deposition with one of the agency investigators that occurred prior to the hearing. PFR File, Tab 1 at 31-33. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant's evidence is not new. We are not persuaded by the appellant's argument that this evidence was previously unavailable

standard for making credibility determinations, the administrative judge determined that the appellant was not credible. ID at 13-14 (citing *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (discussing relevant factors to consider in making credibility determinations)). Specifically, the administrative judge noted that during the investigation, the appellant admitted that he knew BizTax was including the fraudulent deduction in his taxes, his return was much larger than the prior year, and BizTax provided him with an entire list of his tax information. ID at 13-14. Although the appellant later provided contradictory claims, the administrative judge did not find his explanation persuasive. ID at 13-14. Moreover, the administrative judge found that, even if credited, the appellant's claim that he merely signed where he was told without reviewing his tax returns did not excuse his responsibility to provide accurate information to the IRS. ID at 14. The appellant's petition fails to present any basis for the Board to disturb these credibility findings on review.

¶10     The appellant also argues that the agency did not present the Board with a receipt documenting his purchase of the fraudulent charitable contribution deduction. PFR File, Tab 1 at 6. However, we are not persuaded that the absence of this one piece of evidence, if it ever existed, is dispositive. *See generally Leftridge v. U.S. Postal Service*, 56 M.S.P.R. 340, 344 (1993) (finding that the agency's failure to search for or locate missing mail was not probative to the charge of mishandling mail in light of clear evidence proving the charge). An agency may rely, as it did here, on an appellant's admission to support its charge. *Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 9 (2014).

---

because he did not have the necessary funds to obtain it below. *See* PFR File, Tab 1 at 29; *see also Terry v. Equal Employment Opportunity Commission*, 111 M.S.P.R. 258, ¶ 8 (2009) (finding that evidence that could have been obtained through discovery was previously available). Therefore, we will not consider the evidence.

<u>The lack of prosecution by the IRS did not preclude the agency from removing the appellant for filing a false tax return.</u>

¶11 The appellant's petition is largely based on the argument that, because the IRS did not charge him with fraud or making false statements, the agency was precluded from doing so in removing him. We disagree.

¶12 The administrative judge considered the appellant's argument below but did not find it persuasive. ID at 14-15. On review, the appellant first alleges that the administrative judge "completely ignored" his evidence regarding the audit reports from the IRS and that this amounted to an abuse of discretion.[4] PFR File, Tab 1 at 5-6, 25, 28-29 (referencing I-2, IAF, Tab 10 at 5-16 (IRS deficiency notice)). Second, he alleges that the IRS audit of the appellant's 2007 taxes is entitled to *Chevron* deference. PFR File, Tab 1 at 5 (citing *Chevron, U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)).

¶13 Although the administrative judge did not explicitly cite the appellant's evidence documenting his IRS audit, she did address the appellant's argument. ID at 14-15. Specifically, the administrative judge concluded that the appellant failed to establish any error in the agency's decision to pursue removal even though the IRS did not prosecute him. ID at 15. We agree.

¶14 *Chevron* stands for the proposition that where Congress has not directly addressed a precise question within a statute, deference should be given to the interpretation of an administrative agency that Congress charged with formulating policy and making rules to fill implicit and explicit gaps. *Chevron*, 467 U.S. at 843-44. It seems that the appellant's argument attempts to equate the IRS's

---

[4] The IRS audit evidence was not submitted before the hearing, because the appellant alleged unavoidable delay from the IRS. *See* I-2, IAF, Tab 8 at 4 (allegation of IRS delay), Tab 10 at 5-16 (evidence of the IRS audit submitted on December 3, 2013). However, at the hearing, the administrative judge indicated that she would keep the record open for this evidence. I-2, IAF, Tab 9, Hearing Compact Disk (HCD). Because we find the evidence is not dispositive, we need not address the agency's arguments that it was not given an opportunity to respond because the evidence was untimely. *See* PFR File, Tab 3 at 6-9, 11.

failure to issue a deficiency or penalty for his fraudulent tax deduction with the interpretation of a statute, to which the Board is bound. This argument fails.

¶15    As a result of the IRS audit of the appellant's 2007 taxes, the appellant was issued a deficiency notice in 2009. *See* I-2, IAF, Tab 10 at 8 (reducing the appellant's excess miscellaneous deductions by $225), 14 (reducing the appellant's car and truck expense deductions by $12,125). However, it appears that the IRS allowed his charitable contribution deduction. *See id*. at 8 (listing the appellant's contribution as $10,000 per return and $10,000 per exam). Nevertheless, the appellant has repeatedly acknowledged that he did not make the $10,000 charitable contribution he claimed in his 2007 taxes. *E.g*., I-1, IAF, Tab 8 at 138, Tab 15 at 78-88; I-2, IAF, Tab 5 at 24. Therefore, if anything, the appellant's evidence of his audit merely reveals that the agency obtained information in 2012 to which the IRS did not have access when it conducted the audit in 2009. The IRS's inaction does not establish the appellant's innocence, and it does not prevent his removal. *See generally Canevari v. Department of Treasury*, 50 M.S.P.R. 311, 312-13, 316-17 (1991) (upholding the removal of an employee for illegal drug use after the U.S. Attorney's Office declined to prosecute); *Miller v. U.S. Postal Service*, 26 M.S.P.R. 210, 212-13 (1985) (although the Board cannot reverse an Office of Workers' Compensation Program award of benefits, the Board may sustain an employee's removal for committing fraud in obtaining those benefits).

The agency established nexus and the reasonableness of the penalty.

¶16    The appellant's petition seems to suggest that, because the IRS did not take exception to his charitable deduction, his removal was not warranted. PFR File, Tab 1 at 27. We disagree.

¶17    In its removal letter, the agency claimed that the appellant's misconduct could impair his ability to provide sworn testimony as a law enforcement officer. I-1, IAF, Tab 8 at 23 (citing *Giglio v. United States*, 405 U.S. 150 (1972)). Under *Giglio*, investigative agencies must turn over to prosecutors potential

impeachment evidence regarding the agents involved in the case. *See Rodriguez v. Department of Homeland Security*, [108 M.S.P.R. 76](), ¶ 29 n.3 (2008), *aff'd*, 314 F. App'x 318 (Fed. Cir. 2009), *overruled in part on other grounds by Thomas v. U.S. Postal Service*, [116 M.S.P.R. 453](), ¶ 10 (2011). The prosecutor then exercises his discretion as to whether the impeachment evidence must be turned over to the defense. *Rodriguez*, [108 M.S.P.R. 76](), ¶ 29 n.3. A "*Giglio*-impaired" agent is one against whom there is potential impeachment evidence that would render the agent's testimony of marginal value in a case. *Id.*

¶18 The appellant alleges that he is not *Giglio* impaired because the IRS audit proves that he did not falsify or perjure his 2007 taxes. PFR File, Tab 1 at 27. However, as detailed above, we find that the IRS's inaction is not dispositive. The agency proved its charge that the appellant filed a false tax return. The administrative judge found a nexus between the agency's action and the efficiency of the service because the grounds for removal relate to the appellant's ability to accomplish his duties and other legitimate government interests. *See* ID at 16. The administrative judge also found the penalty reasonable, citing the agency's loss of trust in the appellant, especially in light of his position as both a supervisor and law enforcement officer. ID at 16-18. The appellant has failed to present the Board with any reason to disturb these conclusions.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____

                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.